# Third District Court of Appeal

## State of Florida

Opinion filed October 19, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1333
Lower Tribunal No. 09-65726
_____

## Nocari Investment, LLC, et al.,
Appellants,

vs.

## Wells Fargo Bank, N.A., et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Lawrence J. Shapiro & Associates, P.A., and Lawrence J. Shapiro, for appellants.

Michael J. Farrar, for appellees.

Before LAGOA, EMAS, and LOGUE, JJ.


ON ORDER TO SHOW CAUSE


PER CURIAM.

1

This matter comes before the Court on the Court's order to show cause. Appellants failed to timely file their initial brief, failed to obey an order to file the order appealed, and failed to obey an order to file their brief. As a result, this case was dismissed and Counsel for Appellants was ordered to show cause why appellants and their counsel should not be sanctioned for failing to file an initial brief or otherwise to comply with this Court's orders.

In response to the order to show cause, Appellants' counsel explained his clients decided to abandon the appeal. He acknowledged he should have so advised this court and his opposing counsel, but indicates he failed to do so based upon simple oversight. We find this explanation inadequate in light of the court orders which were not obeyed and the motion filed by opposing counsel to which no response was filed.

Other cases filed by Appellants' counsel have been dismissed by this court for either the failure to file an initial brief or failure to pay filing fees. Netherlands 7985, LLC, v. U.S. Bank, N.A., No. 3D16-42, 2016 WL 869750 (Fla. 3d DCA Feb. 4, 2016); Central Mills, Inc., v. Lima Sky, LLC, No. 3D15-2548, 2015 WL 9947125 (Fla. 3d DCA Dec. 22, 2015); Derrick K. Cohen v. JPMorgan Chase Bank, N.A., 147 So. 3d 1000 (Fla. 3d DCA 2014); Boston Inv'rs Grp., Inc., v. Bank of America, N.A., 76 So. 3d 300 (Fla. 3d DCA 2011).

2

Under Rule 4–1.3 of Professional Conduct, "it is incumbent on the attorney of record to respond appropriately to Court orders, seek enlargements of time, or file a motion to withdraw from representation. The rule does not contemplate the attorney simply doing nothing, so that the client's appeal is dismissed." Beckles v. Brit, 176 So. 3d 387, 388 (Fla. 3d DCA 2015).

In 2013, the Florida Supreme Court, acting on the recommendation of the Florida Commission on Professionalism, ordered each of Florida's judicial circuits to set up a local professionalism panel—under an administrative order from each circuit's chief judge—to handle professionalism complaints and address attorney conduct—such as the conduct described herein—which may not rise to the level of an allegation that could result in disciplinary action for unprofessional conduct. We conclude that referral of Appellants' counsel, Lawrence J. Shapiro, Esquire (FBN: 796085), of Lawrence J. Shapiro & Associates, P.A., to The Eleventh Circuit's Local Professionalism Panel is the proper course of action.

Accordingly, the Clerk is directed to forward a copy of this Order to the Local Professionalism Panel for Florida's Eleventh Circuit—Attn: Professionalism Panel, Lawson E. Thomas Courthouse Center, 30th Floor, 175 NW 1st Avenue, Miami, Florida 33128.